Curia, per Evans, J.
This is a hard case on the sheriff, and if it .could be done consistently with the rules of law, I should be rejoiced to discharge him from his liability. But when an executive officer undertakes to discharge one whom be has arrested, on the supposition that his authority is defective, he cannot complain, should his judgment prove erroneous, that he is made liable for its consequences. It is an incident of his office.
In this State there are two modes of holding to bail. In money contracts, such as bonds, notes, or accounts, it is sufficient authority to the sheriff to arrest and hold to bail, that the plaintiff swears to the amount due him on the bond, note, or account. In other cases affidavits of the facts on which the action is founded, are submitted to a Judge, clerk of the Court, or justice of the quorum, who is authorized by law to grant an order for bail in such sum as the case may require. The words of the Act of 1769, P. L. 273, are, “ and no person shall be held to bail on any writ of capias ad respondendum for debt, unless an affidavit shall be made before aud attested by some Judge or justice of the peace, and endorsed on or annexed to the writ, before the service thereof, of the sum really due; nor for any other cause without a Judge’s order, on probable cause of action shown, to be endorsed on or annexed to the said writ, expressing the sum for which bail shall be given.” The power given by this Act to a Judge, is given by the Act of 1799, 2 Faust, 314, to the clerks of the Court, and the justices of the quorum.
*230 In the case under consideration, there was an affidavit of the amount due by Tardy to Brissac, but it was not stated in the affidavit, in what way the debt was due, whether by bond, note, or account; and this affidavit was annexed to the writ. There was also an order endorsed on the writ and signed by the clerk, for bail in the sum of four hundred dollars. In the case of Peck & Hood vs. Van Evour, 1 Nott & M’Cord, 520, the bail was discharged on the ground of insufficiency in the affidavit, it not being stated on what the debt was due. The same objection exists in this case, and I apprehend if the sheriff had required bail of Tardy on this affidavit alone, the bail would have been discharged. But it does not follow as a consequence that the proceeding would have been void; on the contrary, I apprehend if no order for discharge was made, and the bail had not surrendered their principal, they would have been liable on the bail bond. Tf a sheriff hold a man to bail on defective affidavit, I should consider it a mere irregularity, and the sheriff would not be liable in false imprisonment. If the sheriff knowingly arrest a man who by law is not liable to arrest, as was done in the case quoted from 4 Johnson, 433, of the soldier, the arrest would be void and he might discharge him; but it is unlike this case.
The ground, however, on which this case was decided on the circuit, was, that there was endorsed on the writ an order by a competent officer, requiring the sheriff to hold Tardy to bail in four hundred dollars. Here was. an order made by one having legal authority, requiring him to hold the defendant Tardy to bail, and it was incompetent for the sheriff to look beyond the order. He was not authorized to inquire' why or upon what affidavits or cause shown, the clerk had made the order. It was an ample protection to him, and he was bound to execute it. If he had been sued" for arrresting Tardy, the clerk’s order for bail would have been his ample justification; and it would not have been a sufficient replication to his plea, that the clerk had made the order on an insufficient affidavit.
It will be obvious on looking into the Act of 1769, there are two modes of holding to bail. In cases of debt, the plaintiff’s affidavit setting forth the amount due, and the evidence of indebtedness, is, of itself, without a Judge’s order,' a requisition of bail. In all other eases there must be an order by *231 a Judge, clerk of the Court, or justice of the quorum. In the first case the affidavit is required to be annexed or endorsed on the writ; but in the latter case nothing but the order is required to be annexed or endorsed; from which it seems to me obvious that when there is an order for bail by a Judge, clerk, or justice, the sheriff has no authority to look beyond it. He is bound to execute it; and if, after arrest, be suffers the party to go at large without bail, it is an escape. I do not think it necessary to discuss the question whether after the arrest the clerk could rescind the order. When he had exercised his judgment on the application and made the order, the case was no longer under his control. As well might a Judge, after pronouncing a judgment, undertake to rescind it.
The motion is refused.